The opinion of the Court was afterward drawn up by
Parker C. J.
To enable the plaintiff to recover in this action, it must appear that he was an owner of a certain proportion of the cargo which came to the hands of the defendants by virtue of an assignment from Safford and Gould to them, which was bona fide and for a valuable consideration. The *292 -liabilities the defendants were under for Safford and Gould, were a b°°d consideration, and the acceptance of the draught in favor of Mrs. Gould, whom we take to be a fair creditor of Safford and Gould, swallows up all the property which came to the hands of the defendants. We understand also, that the defendants had no notice before the assignment to them, of the claim of the plaintiff upon the cargo. The invoice and the bills of lading both represented the whole cargo as the property of Safford and Gould, and these documents were indorsed and delivered over to the defendants. Under these circumstances the plaintiff’s claim could he sustained only by showing a distinct right of property in a portion of the cargo, and this he fails to do, for liis contract with Safford and Gould only creates a personal obligation on them to account for and pay to him, at the close of the voyage, such proportion of the proceeds as the sum he advanced would entitle him to. Certainly the whole property was liable to attachment as Safford and Gould’s, and if so, was capable of being assigned by them to any one ignorant of the plaintiff’s interest. His misfortune was in trusting to the personal credit of men involved in debt. We regret his loss, but the law will not repair it out of the property of the defendants.